KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
**PACIFIC WEST INJURY LAW**
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
Phone: (702) 602-4878
Fax: (702) 665-5627
Kris@PacificWestInjury.com
Kirill@PacificWestInjury.com
Megan@PacificWestInjury.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD MCINTIRE, individually,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., a Foreign Corporation dba SMITH'S FOOD AND DRUG; DOES I through X; and ROE BUSINESS ENTITIES XI through XX, inclusive.<br><br>Defendants. | CASE NO.: 2:26-cv-03289-CDS-MDC<br><br>**STIPULATED DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LOCAL RULE 26-1**<br>**Special Scheduling Review Requested** |

Plaintiff, DONALD MCINTIRE ("Plaintiff"), by and through his counsel of record, KIRILL V. MIKHAYLOV, ESQ. and MEGAN E. WESSEL, ESQ. of PACIFIC WEST INJURY LAW, and Defendant, SMITH'S FOOD & DRUG CENTERS, INC. ("Defendant"), by and through its counsel JERRY S. BUSBY, ESQ. and POOJA KUMAR, ESQ. of COOPER LEVENSON, P.A., conducted the initial case conference required pursuant to Fed.R.Civ.P. 26(f), and the Local Rules of Practice of the United States District Court for the District of Nevada, and submit the following discovery plan:

/ / /

/ / /

/ / /

/ / /

PACIFIC WEST INJURY LAW

**I. FED. R. CIV. P. 26(a) INITIAL DISCLOSURE**

Parties have agreed to exchange initial disclosures no later than **November 20, 2026,** which is 14 days after the Rule 26 Conference was held on November 6, 2026. The parties expressly agree that any document productions shall be bates-stamped with the parties' respective identifying bates system. Other than this, no changes are necessary in the form or requirement for disclosures under Fed. R. Civ. P. 26(a).

**II. ESTIMATE OF TIME REQUIRED FOR DISCOVERY**

**A. DISCOVERY CUT-OFF DATE**

Discovery will take 250 days from October 7, 2026, which is the date Defendant filed its Petition for Removal. Defendant's Answer was initially filed in Eighth Judicial District Court on August 18, 2026, the first responsive pleading; however, decided to remove the matter shortly following the Commissioner's Decision Granting this matter be removed from the Arbitration Program. In addition, Defendant's employees are unavailable during the upcoming holidays given their line of work and Plaintiff's counsel will be out for paternity leave from the middle of December through end of January. Accordingly, all discovery must be completed no later than **June 14, 2027.** The parties may conduct discovery within the scope of Fed. R. Civ. P. 26(b). Subject to the foregoing, discovery need not be limited or focused on particular issues or conducted in phases. The Parties request a special scheduling review based on the extended discovery period request.

**B. AMENDING THE PLEADINGS AND ADDING PARTIES**

Unless stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be later than 90 days prior to the discovery cut-off date, and therefore not later than **March 16, 2027.**

**C. FED. R. CIV. P. 26(a)(2) DISCLOSURES (EXPERTS)**

In accordance with Fed. R. Civ. P. 26(a)(2), disclosures identifying experts shall be made 60 days prior to the discovery cut-off date, and therefore not later than **April 15, 2027,** and disclosures of rebuttal experts shall be made 30 days after the initial disclosure of experts, and therefore not later than **May 17, 2027.**

/ / /

**D. DISPOSITIVE MOTIONS**

The parties shall file dispositive motions 30 days after the discovery cut-off date, and therefore not later than **July 14, 2027.**

**E. PRETRIAL ORDER**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed 30 days after the date set for filing dispositive motions, and therefore not later than **August 13, 2027**. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until 30 days after the Court enters a ruling on the dispositive motions, or otherwise by further order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

**F. ALTERNATIVE DISPUTE RESOLUTION**

The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

**G. ALTERNATIVE FORMS OF CASE DISPOSITION**

The parties certify that they considered consenting to trial by a magistrate judge and use of the Short Trial Program.

**H. ELECTRONIC EVIDENCE**

**1. <u>Electronically Stored Information and Electronic Service of Discovery</u>**

The parties have discussed the retention and production of electronic data. The parties consent to electronic service of any and all discovery documents. Said service shall be deemed completed by sending an email with the related discovery document(s) to all service addresses for counsel and counsel's staff on record with the court for the above-captioned matter at the time of service. The parties further agree, when serving by email, if any error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient(s) of the message and serve the pleading or other papers by other authorized means. This consent does not preclude counsel from serving discovery documents by mail in accordance with Fed. R. Civ. 5(b), including service of electronic files copied to compact disc or

PACIFIC WEST INJURY LAW

similar storage media. Whether served by e-mail or by mail, three additional days shall be added to the timeline within which to respond, as provided for in Fed. R. Civ. P. 6(d). To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday.

The parties reserve the right to revisit this issue if a dispute or need arises.

**2. Electronic Evidence Conference Certification**

The parties further intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties discussed the presentation of evidence for juror deliberations but did not reach any stipulations as to that method as this early stage.

## III. EXTENSIONS OR MODIFICATIONS OF THE DISCOVERY PLAN AND SCHEDULING ORDER

LR 26-3 governs modifications or extensions to this discovery plan and scheduling order.

DATED this 10th day of November, 2026.

**PACIFIC WEST INJURY LAW**

*/s/ Megan E. Wessel*
KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
*Attorneys for Plaintiff*

DATED this 9th day of November, 2026.

**COOPER LEVENSON, P.A.**

*/s/Pooja Kumar*
JERRY S. BUSBY, ESQ.
Nevada Bar No. 1107
POOJA KUMAR, ESQ.
Nevada Bar No. 12988
3016 West Charleston Boulevard, Suite 195
Las Vegas, NV 89102
*Attorneys for Defendant*
*SMITH'S FOOD & DRUG CENTERS, INC.*

**IT IS SO ORDERED.**

**Hon. Maximiliano D. Couvillier, III**
**UNITED STATES MAGISTRATE JUDGE**

Dated: November 16, 2026